GMP:DMP
F.#2012R00766

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

STANISLAV BACHINSKIY,
    also known as "Stas,"
ALEKSANDR DORIN,
    also known as
    "Aleksandr Grigore," and
YURI SUSHKOV,

             Defendants.

- - - - - - - - - - - - - - - - X

I N D I C T M E N T

CR 13- 0314

Cr. No. _____
(T. 18, U.S.C., §§
982(a)(2)(B), 1029(a)(1),
1029(a)(2), 1029(a)(3),
1029(a)(4), 1029(a)(5),
1029(b)(2),
1029(c)(1)(A)(i),
1029(c)(1)(A)(ii),
1029(c)(1)(C), 2 and
3551 et seq.; T. 21,
U.S.C. § 853(p))

MATSUMOTO, J.

SCANLON, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy To Commit Access Device Fraud)

    1.   In or about and between December 2010 and February

2013, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

STANISLAV BACHINSKIY, also known as "Stas," ALEKSANDR DORIN, also

known as "Aleksandr Grigore," and YURI SUSHKOV, together with

others, did knowingly and with intent to defraud conspire to (1)

produce, use and traffic in one or more counterfeit access

devices, to wit: credit cards and credit card account numbers, in

a manner affecting interstate commerce, contrary to Title 18,

United States Code, Section 1029(a)(1); (2) use one or more

unauthorized access devices, to wit: credit cards and credit card

account numbers, during a one-year period, and by such conduct did obtain things of value aggregating $1,000 or more during that period, in a manner affecting interstate commerce, contrary to Title 18, United States Code, Section 1029(a)(2); (3) possess fifteen or more counterfeit and unauthorized access devices, to wit: credit cards and credit card account numbers, in a manner affecting interstate commerce, contrary to Title 18, United States Code, Section 1029(a)(3); (4) produce, traffic in, have control and custody of and possess device-making equipment, to wit: credit card printers, readers and encoders, in a manner affecting interstate commerce, contrary to Title 18, United States Code, Section 1029(a)(4); and (5) effect transactions with one or more access devices issued to another person or persons, to wit: credit cards and credit card account numbers issued to other persons, to receive payment and other things of value during a one-year period, the aggregate value of which was equal to or greater than $1,000, in a manner affecting interstate commerce, contrary to Title 18, United States Code, Section 1029(a)(5).

2.    In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants STANISLAV BACHINSKIY, also known as "Stas," ALEKSANDR DORIN, also known as "Aleksandr Grigore," and

2

YURI SUSHKOV, together with others, committed and caused to be committed the following:

OVERT ACTS

a.    On or about October 10, 2012, SUSHKOV, using the username "Businessseller," sold an 18-volt battery on eBay.

b.    On or about November 29, 2012, DORIN, using the username "Pilotsamolet," sold an 18-volt battery on eBay.

c.    On or about December 25, 2012, DORIN purchased a credit card magnetic reader.

d.    On or about January 7, 2013, DORIN purchased fifteen 18-volt batteries at four different Home Depot stores using counterfeit and unauthorized access devices.

e.    On or about January 22, 2013, BACHINSKIY, using the username "Jazz*123," sold an 18-volt battery on eBay.

f.    On or about January 26, 2013, DORIN and BACHINSKIY attempted to purchase 18-volt batteries at a Home Depot store using counterfeit and unauthorized access devices.

(Title 18, United States Code, Sections 1029(b)(2), 1029(c)(1)(A)(i), 1029(c)(1)(A)(ii), 1029(c)(1)(C) and 3551 <u>et seq</u>.)

COUNT TWO<br>(Access Device Fraud)

3.    In or about and between December 2010 and February 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

3

STANISLAV BACHINSKIY, also known as "Stas," ALEKSANDR DORIN, also known as "Aleksandr Grigore," and YURI SUSHKOV, together with others, did knowingly and with intent to defraud (1) produce, use and traffic in one or more counterfeit access devices, to wit: credit cards and credit card account numbers, in a manner affecting interstate commerce; (2) use one or more unauthorized access devices, to wit: credit cards and credit card account numbers, during a one-year period, and by such conduct did obtain things of value aggregating $1,000 or more during that period, in a manner affecting interstate commerce; (3) possess fifteen or more counterfeit and unauthorized access devices, to wit: credit cards and credit card account numbers, in a manner affecting interstate commerce; (4) produce, traffic in, have control and custody of and possess device-making equipment, to wit: credit card printers, readers and encoders, in a manner affecting interstate commerce; and (5) effect transactions with one or more access devices issued to another person or persons, to wit: credit cards and credit card account numbers issued to other persons, to receive payment and other things of value during a one-year period, the aggregate value of which was equal

4

to or greater than $1,000, in a manner affecting interstate commerce.

(Title 18, United States Code, Sections 1029(a)(1), 1029(a)(2), 1029(a)(3), 1029(a)(4), 1029(a)(5), 1029(c)(1)(A)(i), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

4.     The United States hereby gives notice to the defendants STANISLAV BACHINSKIY, also known as "Stas," ALEKSANDR DORIN, also known as "Aleksandr Grigore," and YURI SUSHKOV that, upon their conviction of any of the offenses charged above, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to:

i.     $11,000 in United States currency seized from the vicinity of 94 Corbin Place, Brooklyn, New York 11235, on or about February 21, 2013;

ii.     one white 2010 Mercedes GL450, Vehicle Identification Number 4JGBF7BE9AA558297, seized from the vicinity of 94 Corbin Place, Brooklyn, New York 11235, on or about March 5, 2013;

5

        iii. $341.35 in United States currency seized from Apple Bank Account number 510003507, on or about March 7, 2013;

        iv.  $182.32 United States currency seized from Citibank account number 25595119, on or about March 7, 2013; and

        v.  $262.89 in United States currency seized from TD Bank account number 7931136944, on or about March 7, 2013; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires any person convicted of such offenses to forfeit any personal property used or intended to be used to commit the offenses.

        5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of such defendants up to the value of the
forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B)
and 1029(c)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

7